WILLIAM M. BAILEY, Administrator, *v.* JOHN CARTER BROWN.

Where a will contained the following provisions: "I direct that all my just debts be paid, and, for that purpose, I authorize the sale, by my executrix, of any of my estate—real or personal." * * * * "I hereby charge all my real estate, with the payment of all the legacies and annuities named in this will." * * * "I appoint my wife guardian of the person and estate of my son, during his minority, and also executrix of this my will, and authorize her to sell any of my real estate, and request that no bond, or a bond of a nominal amount only, be required of her, as executrix;" *it was held,* that the authority to sell the testator's real estate therein contained, was given to said executrix, as executrix, and not to her personally; and, consequently, after her subsequent marriage and the consequent extinguishment of her powers as executrix, as provided by chap. 156, § 17, of the Revised Statutes, the administrator *de bonis non* with the will annexed, then appointed, succeeding to the powers which said executrix previously had, (see § 27, chap. 156, of the Revised Statutes,) had the same power to sell any of said testator's real estate for the payment of debts.

Bailey, administrator, *v.* Brown.

*Held, further*, that notwithstanding a provision in the will that the legacies and annuities therein named were payable in one year after the death of the testator, yet if they were not all paid within one year thereafter, the executrix, and the administrator in her place, retained the power to sell the real estate for their payment after the year had elapsed.

*Held, further*, that his authority so to sell the real estate did not cease at the expiration of the year, within which, by the terms of the will, the legacies and annuities therein named were to be paid, or because more than three years (the time allowed by law for the settlement of estates) had elapsed, since the probate of the will. That so long as the administrator retained the right to pay the debts and legacies, he still retained the power to sell the real estate for their payment.

BILL IN EQUITY for specific performance of an agreement made by the respondent with the complainant, as administrator *de bonis non*, with the will annexed, of the estate of Charles Potter deceased, for the purchase of real estate belonging to the estate of said Charles Potter.

In this case, a decree for specific performance was inadvertently entered, in the absence of testimony that personal assets were wanting for the payment of the debts, legacies and annuities, and that the agreement with the defendant was made to raise money for that purpose. Afterwards, a rehearing was had by consent, and the said testimony introduced by consent. The facts of the case, and the provisions of the will of Mr. Potter, are sufficiently stated in the opinion of the court.

*Currey* for complainant.

*T. C. Greene* for respondent.

DURFEE, J.   This is an amicable suit for the specific performance of a contract, entered into between the plaintiff as administrator, *de bonis non*, with the will annexed, of the estate of the late Charles Potter, deceased, and the defendant, for the sale of certain land belonging to the estate of the said Charles Potter. The defendant refuses performance on the ground that the plaintiff has no authority, as administrator as aforesaid, to make the sale.

The will of the said Charles Potter contains the following provisions:   "I direct that all my just debts be paid, and for that purpose I authorize the sale, by my executrix, of any of my estate—real or personal."   *    *   "I hereby charge all

my real estate with the payment of all the legacies and annuities named in this will." *    *  " I appoint my wife guardian of the person and estate of my son during his minority, and also executrix of this my will, and authorize her to sell any of my real estate, and request that no bond, or bond of a nominal amount only, be required of her, as executrix."

The widow of the testator, after acting as executrix, married, and thereupon her powers as executrix became extinguished under the statute. Rev. Stat. chap. 156.

The plaintiff was afterwards appointed administrator *de bonis non*, and under the statute, (Rev. St. ch. 156, sec. 27,) succeeded to the powers which the widow of the said Charles Potter had previously had as executrix under the will. The language of the statute is as follows: "The administrator with the will annexed, who may be appointed by the court of probate, shall have the same power to sell and convey the real estate, as may be given by such will, or by law, to the executor or executors thereof."

If the widow of the said Charles Potter had the power as executrix under the will to sell the real estate, then, under the statute, the plaintiff, as her successor, has the same power, and may still exercise it, unless for some reason it has ceased to be operative.

By the first of the clauses above recited from the will, an authority to sell real estate for the payment of the debts is clearly given to the executrix ; and by the last clause an authority to sell is again given, without any express limitation, and the question is, whether it was given to the donee personally or as executrix. We think it was given to her as executrix. To suppose otherwise, is to suppose that the testator meant to give it to her as executrix for one purpose, as by the previous clause he had done for the payment of his debts, and at the same time, to give it to her personally for all purposes under his will, and that, too, without any reason expressed for so unusual a course. It is much more natural to suppose that, having appointed her the executrix of his will, he intended to give her as such all the power which might be necessary to carry the will into effect.

And we infer from the will that such was his intention. Consecutively in the same sentence, he appoints her executrix, authorizes her to sell any of his real estate, and requests that no bond, or only a nominal bond, shall be required of her as executrix. The collocation of the words shows, that in his mind the authorizing her to sell, was connected with her appointment and qualification as executrix, as we see no reason for its being connected, except on the supposition that he intended her to take the authority as executrix. We think, therefore, that in authorizing her to sell his real estate, he meant to authorize her in the capacity to which he had first appointed her, and in which he proceeds without pause to request that no bond, or only a nominal bond, shall be required.

The counsel for the defendant argues, that inasmuch as the legacies are by the will·payable in one year after the decease of the testator, the inference is that the real estate was to be sold during that time. But the legacies, if not paid within the year, remain to be paid after the year has elapsed, and, that being so, we see no reason why the executrix, or the administrator in her place, should not, in default of personal assets, retain the power to sell the real estate for their payment after the year has elapsed.

The counsel also argues, that the authority, if given, has ex·pired ; that the testator would not have contemplated that it should continue for ten years and more after his decease ; but that it should be exercised within one year for both debts and legacies, certainly for legacies within the year, and for debts within at most the three years allowed by law for the settlement of estates.

Doubtless, the testator intended to have his executrix pay the debts and legacies at an earlier period ; but from this it cannot be inferred that, if not paid, he did not intend to have her pay them at all. The legacies are made an express charge on the real estate by the will, and the counsel for the defendant admits, may be enforced against it, if not paid by the plaintiff. The testator directs that his just debts be paid, and authorizes his executrix to sell his real estate for their payment. The debts

and legacies have not been fully paid, and the plaintiff, as administrator, is now seeking to pay them by the sale of the real estate. We think that in so doing he is seeking to carry the will into effect. Can we hold that, by his neglect hitherto to exercise the power given by the will for that purpose, he has now ceased to have the power?

There are provisions of the statutes which were evidently designed to promote the settlement of estates within three years after the probate of the will or administration granted, and which ought not to be disregarded by the court. It may be, that if the plaintiff were asking of the court, as a court of probate, leave to sell the real estate, the court, after so long a delay, would refuse it. But here the question is not, whether we would give the power, but whether the plaintiff still retains and can exercise it? If he retains the right to pay the debts and legacies, we think he still retains the power to sell the real estate for their payment. We know of no provision of the statute which declares that the right shall determine when the three years have elapsed ; and we think he may, without doubt, under a will like the present, pay debts and legacies after that time. The parties interested in the estate, if dissatisfied with the delay, should take steps to bring the administration to a close or to have the administrator removed. Here, there is no suggestion that the parties interested or any of them are dissatisfied ; and we find nothing in the case that leads us to think the plaintiff is not properly exercising the power. We therefore think the power has not ceased to exist by reason of the time which has elapsed since the probate of the will. See *Peter* v. *Beverly*, 10 Pet. 532.

The counsel for the defendant also contends that the power would not devolve upon the administrator, with the will annexed, because of its general and discretionary character. But the power being given to the donee as executrix, she could as such exercise it only to carry out the will and settle the estate ; and we see no reason why to that extent it should not pass to the administrator appointed in her place.

It appears by the plaintiff's deposition, now before us, that

when the agreement with the defendant was made, there remained unpaid debts, legacies and annuities to a very large amount, and that there was but a comparatively small amount of personal assets in his hands or to come to his hands. It also appears by his sworn statement, admitted as testimony by consent, that the contract for the specific performance of which this suit was brought, was made for the purpose of raising money to pay debts, legacies and other obligations of the estate, and that the money received from the sale has been actually applied in payment of the said obligations.

The decree for specific performance should be confirmed.

*Decree confirmed.*